# United States District Court
# Central District of California

| | |
|---|---|
| WILFREDO VASQUEZ and JULIA VASQUEZ,<br><br>  Plaintiffs,<br><br>  v.<br><br>SSA TERMINALS LLC; CALIFORNIA MULTIMODAL, LLC; and DOES 1–50, inclusive,<br><br>  Defendants. | Case № 2:16-cv-05680-ODW (AJWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18] AND DENYING AS MOOT PETITION TO COMPEL ARBITRATION [19]** |

## I.   INTRODUCTION

This action is a wrongful death suit brought by the heirs of a man killed while picking up and dropping off trailers, containers, and loads at the Port of Long Beach, which Defendant SSA Terminals LLC owns and operates.  Plaintiffs originally filed the action in the Los Angeles Superior Court on June 10, 2016, and on July 29, 2016, Defendants SSA Terminals LLC and California Multimodal, LLC (collectively, "Defendants") removed the case to federal court.  (Compl., ECF No. 1-1; Not. of Removal, ECF No. 1.)  On February 24, 2017, Plaintiffs moved to remand the case.  (ECF No. 18.)  Plaintiffs also requested an award of attorneys' fees based on Defendants' wrongful removal.  (*Id.*)  On February 27, 2017, Defendants moved to

compel arbitration. (ECF No. 19.) On March 29, 2017, the Court received a notification via telephone that the case had settled, and as a result, the Court ordered Plaintiff to show cause by June 7, 2017, as to why settlement had not been finalized. (ECF No. 29.) Over a month later, on May 16, 2017, Plaintiffs filed a Notice of Case Status, informing the Court that the matter had in fact not settled, and requesting that the Court rule on the pending Motion to Remand. (ECF No. 30.) For the reasons discussed herein, the Court **GRANTS** Plaintiffs' Motion to Remand, **AWARDS** Plaintiffs attorneys' fees, and **DENIES AS MOOT** Defendants' Petition to Compel Arbitration.[1]

## II. FACTUAL BACKGROUND

Plaintiffs assert two causes of action: wrongful death under a theory of negligence, and wrongful death under a theory of premises liability. (Compl. ¶¶ 17–40.) Plaintiffs do not directly assert any federal law causes of action. Defendants' basis for removal is that the action "arises under an Act of Congress regulating commerce within the meaning of 28 U.S.C. § 1337(a), to wit: the United States Shipping Act of 1984." (Not. of Removal 2.) Defendants state that the United States Shipping Act regulates Marine Terminal Operators engaged in interstate commerce, such as SSA. (*Id.* at 3.) Therefore, according to Defendants, "[t]he litigation of this action will necessarily involve interpretation of the United States Shipping Act and related federal law applicable to the parties at the time of the incident." (*Id.*)

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original

---

[1] After considering the papers submitted by the parties, the Court deemed the pending motion and petition appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

jurisdiction where an action arises under federal law, *id.* § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

## IV. DISCUSSION

Though Plaintiffs plainly do not allege any federal cause of action, courts have held that federal question jurisdiction still exists where "plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Bd. v. Const. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983). But while Defendants point out that the U.S. Shipping Act is relevant to this action, its relationship to Plaintiffs' Complaint does not rise to the level of conferring federal jurisdiction. Defendants attempt to convince the Court that Plaintiffs' case "arises out of federal law" (Opp'n 5, ECF No. 23), but that characterization is inaccurate. Negligence and premises liability do not on their face raise questions of federal law, and in fact, Plaintiffs dispute that the U.S. Shipping Act even applies to their claims. (*See* Mot. 4.) Though Defendants would like for the U.S. Shipping Act to control this action, there is no clear indication that it will. Determining whether a federal question exists is not about reading between the lines or considering what federal statutes *might* come up during the litigation—federal question jurisdiction must exist "on the face of plaintiff's properly pleaded complaint." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002). As such, the Court **GRANTS** Plaintiffs' Motion to Remand.

The Court also **AWARDS** Plaintiffs attorneys' fees pursuant to 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal.").

Defendants' position in removing the case was wrong as a matter of law, as Ninth Circuit precedent is clear that a federal question must exist on the *face* of a plaintiff's complaint in order to remove on the basis of federal question jurisdiction. *See Republican Party of Guam*, 277 F.3d at 1089. When a defendant lacks an "objectively reasonable" basis for removal, as Defendants do here, "fees should be awarded" following remand. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). Plaintiffs request $11,550.00, reflecting fifteen hours of work at an hourly rate of $550 as a result of the removal. (Teller Decl. ¶ 5, ECF No. 18.) The Court finds this amount reasonable in light of other courts granting similar or higher amounts. *See, e.g.*, *Moore v. Kaiser Found. Hosp., Inc.*, 765 F. Supp. 1464, 1467 (N.D. Cal. 1991) (awarding, in 1991, $9,638.00 on remand); *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1164 (N.D. Cal. 2004) (awarding $27,956.36 on remand).

## V. CONCLUSION

The Court therefore **GRANTS** Plaintiffs' Motion (ECF No. 18), and **REMANDS** this case to the Los Angeles Superior Court, Case No. BC 623611. Defendants shall pay Plaintiffs **Eleven Thousand, Five Hundred and Fifty Dollars ($11,550.00)** within thirty days of the date of this Order. The Court also **DENIES AS MOOT** Defendants' Petition to Compel Arbitration. (ECF No. 19.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

June 5, 2017

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**